IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE ROSE, | ) |
| | ) No. 22-cv-0992 |
| Plaintiff, | ) |
| | ) |
| vs. | ) Judge Robert J. Colville |
| | ) |
| AUGUST PETER MAGGIO, et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

Before the Court is the Amended Complaint (ECF No. 8) filed by Plaintiff in this matter. The Court previously granted Plaintiff's Motion to Proceed In Forma Pauperis, but did not direct service of Plaintiff's original complaint (ECF No. 1-3) on the basis that the original complaint was seemingly frivolous and further seemingly failed to state a claim on which relief can be granted. The Court also previously noted that dismissal of the original complaint was apparently appropriate under 28 U.S.C. § 1915(e)(2)(B). The Court's prior Memorandum Order provided:

> Plaintiff's complaint, as currently pled, seemingly addresses only conduct and issues that have already been presented to and resolved by other courts, and fails to set forth sufficient, clearly pled facts to state a claim under the UTPCPL. The UTPCPL provides a cause of action for "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes." 73 Pa. Stat. Cons. § 201-9.2(a). By its terms, the statute "unambiguously permits only persons who have purchased or leased goods or services to sue." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992). As it stands, the complaint is completely lacking in any meaningful claim that Plaintiff purchased any goods or services and is further lacking in any factual support whatsoever.
>
> In an abundance of caution, the Court will not dismiss the complaint with prejudice at this juncture. Plaintiff is hereby directed to show cause as to why this case should not be dismissed as frivolous and for failure to state a claim. Plaintiff

1

      shall either file: (1) an amended complaint more clearly identifying the relief sought by Plaintiff and the facts that support such relief; or (2) a memorandum showing cause as to why the current complaint should not be dismissed. The same shall be filed by **August 12, 2022**. Failure to file the same will result in dismissal of this matter for the reasons stated herein.

Mem. Order 5-6, ECF No. 4. After seeking leave for an extension of time, Plaintiff filed his Amended Complaint and his Memorandum in Support of the Amended Complaint (ECF No. 9) on September 7, 2022.

      Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons[1] who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact." (citing *Neitzke, supra*)). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661,

---

[1] Although the Third Circuit has not ruled on the issue, several district courts in the Third Circuit have considered the question of whether this revised in forma pauperis statute applies only to prisoners and have concluded that it does not. *Leatherman v. Obama*, C.A. No. 12-1486, 2012 WL 5398912 (W.D. Pa. 2012) (Fisher, J.), *adopting R&R* 2012 WL 5398856 (W.D. Pa. October 22, 2012); *Harrison v. Shapiro*, No, 97–2133, 1997 WL 197950, at * 1 (E.D. Pa.1997); *Jones v. North Atlantic Treaty Organization*, No. 98–1185, 1998 WL 136511, at *1 n. 1 (E.D. Pa.1998); *McAllen v. Attic Away From Home*, No. 00–941, 2000 WL 1752618, at *2 n. 7 (D. Del. 2000). Each of these courts has found the mention of the word "prisoner" to be a typographical error, and that the Congress meant the statute to read "person." The Court finds this reasoning to be persuasive. *See also, Anyanwutaku v. Moore*, 151 F.3d 1053 (D.C. Cir.1998); *Mitchell v. Farcass,* 112 F.3d 1483, 1484 (11th Cir.1997); *Powell v. Hoover*, 956 F.Supp. 564, 568 (M.D. Pa.1997).

2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).[2]

In determining whether a complaint fails to state a claim upon which relief may be granted for purposes of Section 1915(e)(2)(B), courts apply the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The United States Court of Appeals for the Third Circuit has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

---

[2] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke,* 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985).  "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal."  *Neitzke,* 490 U.S. at 328 (footnote omitted).

   The Court again notes that Plaintiff is proceeding pro se and, as such, he is entitled to liberal construction of his submissions in federal court.  This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'"  *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Further, pro se litigants are not free to ignore the Federal Rules of Civil Procedure.  *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

   Plaintiff's Amended Complaint could likely be dismissed on multiple grounds, as the Court remains unconvinced that the current action is sufficiently distinct from his prior lawsuits or that his claim is not time-barred.  However, the Amended Complaint may be most easily and readily dismissed on the basis the Plaintiff lacks standing to bring a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

The UTPCPL provides a private cause of action for "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes . . . ." 73 Pa. Stat. Cons. § 201-9.2(a); *see also Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001) ("In addition, the statute requires [plaintiff] to allege that he purchased the gasoline for *personal or household purposes as opposed to business purposes* . . . ." (emphasis added)). By its terms, the statute "unambiguously permits only persons who have purchased or leased goods or services to sue." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992). Plaintiff's pleadings and attached exhibits indicate that Plaintiff alleges that he entered into a licensing agreement with Defendants, whereby he obtained the right to operate a pretzel store utilizing Defendants' pretzel recipe and products. He seemingly alleges that he then sublicensed that right to other individuals who sought to sell Defendants' pretzels in their stores, and that Plaintiff was not paid the appropriate commissions by Defendants for the purchases of Defendants' products by the sublicensees.

Even if this business relationship somehow constitutes a "service" that was "purchased" by Plaintiff, and the Court believes that it does not, Plaintiff fails to plead any fact that would permit a conclusion that Plaintiff purchased a good or service for personal, family, or household purposes. Rather, the pleadings make clear that the contracts at issue were motivated by business, as opposed to personal or household, purposes for all relevant individuals and businesses. Further, the purchase of any of Defendants' pretzel products by Plaintiff, as alleged, clearly was motivated by business purposes. Plaintiff does not fall within the ambit of individuals that the UTPCPL is intended to protect, and his Amended Complaint is thus premised on an indisputably meritless legal theory and fails to state a claim to relief that is plausible on its face. The Court will dismiss the Amended Complaint on this basis.

Although a district court is not obligated to permit leave to amend before dismissing a complaint in a non-civil rights case, *Wolfington v. Reconstructive Orthopaedic Assocs. II P.C.*, 935 F.3d 187, 210 (3d Cir. 2019), courts generally grant leave to amend unless amendment of the complaint would be inequitable or futile. *See, e.g., Bachtell v. Gen. Mills, Inc.*, 422 F. Supp. 3d 900, 915 (M.D. Pa. Oct. 1, 2019) (citing *Phillips v. Allegheny Cty.*, 515 F.3d 224, 245 (3d Cir. 2008)). The Court previously permitted amendment in this matter, and Plaintiff fell short of setting forth a claim that could possibly proceed before this Court. The Court concludes that further amendment would be futile, and will thus dismiss Plaintiff's Amended Complaint with prejudice pursuant to §1915(e)(2)(B).

An appropriate Order of Court follows.

BY THE COURT:

/s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: November 28, 2022

cc:

Wayne Rose
760 Eldert Lane #68
Brooklyn, Ny 11208